# EXHIBIT 1



# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | DJ Molnar<br>Covenant Transport, Inc.<br>400 Birmingham Highway<br>Chattanooga, TN 37419 |
| **Electronic copy provided to:** | Meredith Chester |

| | |
|---|---|
| **Entity:** | Covenant Transport, Inc.<br>Entity ID Number 2140719 |
| **Entity Served:** | Covenant Transport, Inc. |
| **Title of Action:** | Richard Tabizon vs. Covenant Transport, Inc. |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Class Action |
| **Court/Agency:** | Los Angeles County Superior Court, CA |
| **Case/Reference No:** | 18STCV03468 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 11/06/2018 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Edward W. Choi<br>213-381-1515 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:** COVENANT TRANSPORT, INC., a
*(AVISO AL DEMANDADO):* Corporation; and DOES 1 through
50, inclusive,

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

OCT 31 2018

Sherri R. Carter, Executive Officer/Clerk
By: Tanya Herrera, Deputy

**YOU ARE BEING SUED BY PLAINTIFF:** RICHARD TABIZON, as an
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* individual and on
behalf of all others similarly situated,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* | CASE NUMBER: *(Número del Caso):* **18STCV03468** |
|---|---|

Los Angeles Superior Court
312 N. Spring St.
Los Angeles, CA 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Edward W. Choi, Esq. SBN 211334       213-381-1515    213-465-4885
Law Offices of Choi & Associates
515 S. Figueroa St., Suite 1250
Los Angeles, CA 90071

| DATE: OCT 31 2018 *(Fecha)* | SHERRI R. CARTER | Clerk, by _Tanya Herrera_ | , Deputy |
|---|---|---|---|
| | | *(Secretario)* | *(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010).*)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [xx] on behalf of *(specify):* Covenant Transport, Inc., a Corporation

    under: [xx] CCP 416.10 (corporation)      [ ] CCP 416.60 (minor)
           [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
           [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
           [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009] | SUMMONS | Legal Solutions Plus | Code of Civil Procedure §§ 412.20, 465 |
|---|---|---|---|

Case 1:19-cv-00060-PLR-SKL   Document 1-3   Filed 12/06/18   Page 3 of 41   PageID #: 22

Edward W. Choi, Esq. SBN 211334
edward.choi@choiandassociates.com
LAW OFFICES OF CHOI & ASSOCIATES
A Professional Corporation
515 S. Figueroa Street, Suite 1250
Los Angeles, CA 90071
Telephone: (213) 381-1515
Facsimile: (213) 465-4885

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

OCT 3 1 2018

Sherri R. Carter, Executive Officer/Clerk
By: Tanya Herrera, Deputy

Larry W. Lee, Esq. SBN 228175
DIVERSITY LAW GROUP, P.C.
515 S. Figueroa St., Suite 1250
Los Angeles, CA 90071
Telephone: (213) 488-6555
Facsimile: (213) 488-6554
Email: lwlee@diversitylaw.com

David Lee, Esq. SBN 296294
DAVID LEE LAW
515 S. Flower Street, Suite 3600
Los Angeles, California 90071
Telephone: (213)236-3536
Facsimile: (866) 658-4722
Email: David@DavidJLeeLaw.com

Attorneys for Plaintiff and the Class

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| RICHARD TABIZON, as an individual and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> COVENANT TRANSPORT, INC., a Corporation; and DOES 1 through 50, inclusive, <br><br> Defendants. | Case No.: **18STCV03468** <br><br> **CLASS ACTION COMPLAINT FOR DAMAGES FOR:** **BY FAX** <br><br> (1) **VIOLATION OF CAL. LABOR CODE §§ 226.2 AND 226.7;** <br> (2) **VIOLATION OF CAL. LABOR CODE §§ 226(a) and 226.2;** <br> (3) **VIOLATION OF LABOR CODE §§ 221 AND 2802;** <br> (4) **VIOLATION FOR LABOR CODE §§ 510 AND 1194;** <br> (5) **VIOLATION OF LABOR CODE §203; AND** <br> (6) **VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE §17200 ET SEQ.** <br><br> **DEMAND OVER $25,000.00** |

1

Plaintiff RICHARD TABIZON ("Plaintiff") hereby submits this Class Action Complaint ("Complaint") against Defendant COVENANT TRANSPORT, INC. and Does 1 through 50 (hereinafter collectively referred to as "Defendants") on behalf of himself and the class of all other similarly situated current and former employees of Defendants for failure to provide paid rest breaks, failure to provide accurate records, failure to reimburse business related expenses, unlawful deduction of wages, failure to pay proper minimum and overtime wages, and penalties under the California Labor Code, and for restitution as follows:

## INTRODUCTION

1.      This class action is within the Court's jurisdiction under California Labor Code §§ 201-203, 221, 226, 226.2, 226.7, 510, 1194, and 2802, B&P §17200 *et seq.*, the applicable Wage Orders of the California Industrial Welfare Commission ("IWC") and the California Unfair Competition Law (the "UCL").

2.      This complaint challenges systemic illegal employment practices resulting in violations of the California Labor Code and the UCL against individuals who worked for Defendants.

3.      Plaintiff is informed and believes, and based thereon alleges, that Defendants, jointly and severally, have acted intentionally and with deliberate indifference and conscious disregard to the rights of all employees in Defendants': (a) failure to provide paid rest breaks, (b) failure to provide accurate itemized wage statements, (c) failure to provide reimbursement of business related expenses, (d) unlawful deduction of wages; (e) failure to provide proper minimum and overtime wages, and (f) failure to provide all wages due at termination.

4.      Plaintiff is informed and believes, and based thereon alleges, that Defendants have engaged in, among other things a system of willful violations of the California Labor Code and the UCL by creating and maintaining policies, practices, and customs that knowingly deny employees the above stated rights and benefits.

5.      The policies, practices and customs of defendants described above and below have resulted in unjust enrichment of Defendants and an unfair business advantage over businesses that routinely adhere to the strictures of the California Labor Code and the UCL.

2

6.     The Court has jurisdiction over the violations of the California Labor Code §§ 201-203, 221, 226, 226.2, 226.7, 510, 1194, and 2802, B&P §17200 *et seq.*, and the UCL.

**PARTIES**

7.     On or about February 8, 2018, Defendant hired Plaintiff as a driver. Plaintiff was compensated on a mileage-rate basis for his work.

8.     Plaintiff was and is the victim of the policies, practices, and customs of Defendant complained of in this action in ways that have deprived him of the rights guaranteed by California Labor Code §§ 201-203, 221, 226, 226.2, 226.7, 510, 1194, and 2802, B&P §17200 *et seq.*, and the UCL.

9.     Plaintiff is informed and believes and based thereon alleges Defendant COVENANT TRASPORT, INC. was and is a Corporation doing business in the State of California providing carrier and transportation services.

10.     Plaintiff is informed and believes and thereon alleges that at all times herein mentioned DOES 1 through 50, are and were corporations, business entities, individuals, and partnerships, licensed to do business and actually doing business in the State of California.

11.     As such, and based upon all the facts and circumstances incident to Defendants' business, Defendants are subject to California Labor Code §§ 201-203, 221, 226, 226.2, 226.7, 510, 1194, and 2802, B&P §17200 *et seq.*, and the UCL.

12.     Plaintiff does not know the true names or capacities, whether individual, partner or corporate, of the defendants sued herein as Does 1 through 50, inclusive, and for that reason, said defendants are sued under such fictitious names, and Plaintiff prays for leave to amend this complaint when the true names and capacities are known. Plaintiff is informed and believes and based thereon alleges that each of said fictitious defendants were responsible in some way for the matters alleged herein and proximately caused Plaintiff and members of the general public and class to be subject to the illegal employment practices, wrongs, and injuries complained of herein.

13.     At all times herein mentioned, each of said defendants participated in the doing of the acts hereinafter alleged to have been done by the named Defendants; and furthermore, the

3

1  Defendants, and each of them, were the agents, servants and employees of each of the other

2  Defendants, as well as the agents of all Defendants, and at all times herein mentioned, were

3  acting within the course and scope of said agency and employment.

4  14.  Plaintiff is informed and believes, and based thereon alleges, that at all times

5  material hereto, each of the Defendants named herein was the agent, employee, alter ego, and/or

6  joint venturer of, or working in concert with each of the other co-Defendants and was acting

7  within the course and scope of such agency, employment, joint venture, or concerted activity.

8  To the extent said acts, conduct, and omissions were perpetrated by certain Defendants, each of

9  the remaining Defendants confirmed and ratified said acts, conduct, and omissions of the acting

10  Defendants.

11  15.  At all times herein mentioned, Defendants, and each of them, were members of,

12  and engaged in, a joint venture, partnership and common enterprise, and acting within the course

13  and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

14  16.  At all times herein mentioned, the acts and omissions of various Defendants, and

15  each of them, concurred and contributed to the various acts and omissions of each and all of the

16  other Defendants in proximately causing the injuries and damages as herein alleged.  At all times

17  herein mentioned, Defendants, and each of them, ratified each and every act or omission

18  complained of herein.  At all times herein mentioned, Defendants, and each of them, aided and

19  abetted the acts and omissions of each and all of the other Defendants in proximately causing the

20  damages as herein alleged.

21  **CLASS ACTION ALLEGATIONS**

22  17.  **Definition:**  The named individual Plaintiff seeks class certification, pursuant to

23  California Code of Civil Procedure § 382, of a class of all current and former mileage-rate

24  workers, including, but not limited to drivers, who worked for Defendants at any time during the

25  period of October 31, 2014 to the present, in the State of California (the "Class").  The Class

26  consists of the following subclasses:

27  a.  All current and former mileage-rate workers, including, but not limited to

28  drivers, who worked for Defendants at any time between October 31, 2014 to the present, and

4

1   worked 3.5 hours or more during any work shift ("Rest Break Sub-Class");

2        18.    Plaintiff further reserves the right to amend such class definitions based upon
3   further discovery.

4        19.    **Numerosity and Ascertainability:** The members of the Class are so numerous
5   that joinder of all members would be impractical, if not impossible. The identities of the
6   members of the Class are readily ascertainable by review of Defendants' records, including
7   payroll records. Plaintiffs are informed and believe, and based thereon allege, that Defendants:
8   (a) failed to provide paid rest breaks, (b) failed to provide accurate itemized wage statements, (c)
9   failed to provide reimbursement of business related expenses, (d) unlawfully deducted wages; (e)
10  failed to provide proper minimum and overtime wages, and (f) failed to provide all wages due at
11  termination.

12       20.    **Adequacy of Representation:** The named Plaintiff is fully prepared to take all
13  necessary steps to represent fairly and adequately the interests of the Class defined above.
14  Plaintiff's attorneys are ready, willing, and able to fully and adequately represent the Class and
15  the individual Plaintiff. Plaintiff's attorneys have prosecuted and settled wage-and-hour class
16  actions in the past and currently have a number of wage-and-hour class actions pending in
17  California state and federal courts.

18       21.    Plaintiff is informed and believes and based thereon alleges Defendants, in
19  violation of California Labor Code §§ 201-203, 221, 226, 226.2, 226.7, 510, 1194, and 2802,
20  B&P §17200 *et seq.*, and the UCL, had a consistent and uniform policy, practice and procedure
21  of willfully failing to provide paid rest breaks, failing to pay wages for all hours worked, failing
22  to reimburse work related expenses, unlawfully deducting wages, and failing to provide accurate
23  wage statements to comply with Labor Code §§ 201-203, 221, 226, 226.2, 226.7, 510, 1194, and
24  2802, B&P §17200 *et seq.*, and the UCL. Plaintiff and other members of the Class did not secret
25  or absent themselves from Defendants, nor refuse to accept the earned and unpaid wages from
26  Defendants. Accordingly, Defendants are liable for rest break premium wages and wage
27  statement penalties.

28       22.    **Common Question of Law and Fact:** There are predominant common questions

1  of law and fact and a community of interest amongst Plaintiff and the claims of the Class
2  concerning Defendants' policy and practice of: (a) failing to provide paid rest breaks, (b) failing
3  to provide accurate itemized wage statements, (c) failing to provide reimbursement of business
4  related expenses, (d) failing to provide proper minimum and overtime wages, (e) unlawfully
5  deducting wages and (f) failing to provide all wages due at termination.

6       23.    **Typicality:** The claims of Plaintiff are typical of the claims of all members of
7  the Class in that Plaintiff suffered the harm alleged in this Complaint in a similar and typical
8  manner as the Class Members. As with all other drivers in the State of California, Plaintiff was
9  paid on a mileage-rate basis. Plaintiff was routinely required to work without being provided a
10  duty-free paid rest period of at least 10 minutes during the first 3.5 hours of his work shift.
11  Furthermore, because Plaintiff was paid on a mileage-rate basis and did not receive an hourly
12  wage, all rest breaks Plaintiff was provided were not "paid" rest breaks. In addition to the above,
13  the wage statements provided by Defendants to Plaintiff failed to identify the applicable rate(s)
14  of pay and/or applicable rates or numbers for each mileage rate wage earned by Plaintiff, the
15  total number of hours worked, and the applicable rates of pay for non-productive time. In
16  addition, Plaintiff was not reimbursed for business related expenses, as Defendants had a policy
17  to chargeback costs for performing a drug screen, motor vehicle report and DAC report. Further,
18  Defendants imposed a service charge for legal plan support. Also, Defendants deducted
19  $0.04/mile for a per diem charge and $0.02/mile for safety bonus. Further, Plaintiff was only
20  paid $50 per 24 hour period when he was required to wait and be on call for the next load to
21  become ready to transport. Further, when Plaintiff was detained, Defendants did not pay a
22  detention pay unless he detained for more than 2 hours. Therefore, Plaintiff not paid for the first
23  2 hours that we had to wait to load or unload our trucks. This policy of Defendants failed to pay
24  for minimum and/or overtime wages due to the Plaintiff. Therefore, Plaintiff is a member of the
25  Class and has suffered the alleged violations of California Labor Code §§ 201-203, 221, 226,
26  226.2, 226.7, 510, 1194, and 2802, B&P §17200 *et seq.*.

27       24.    The California Labor Code upon which Plaintiff bases these claims are broadly
28  remedial in nature. These laws and labor standards serve an important public interest in

1   establishing minimum working conditions and standards in California. These laws and labor
2   standards protect the average working employee from exploitation by employers who may seek
3   to take advantage of superior economic and bargaining power in setting onerous terms and
4   conditions of employment.

5       25.     The nature of this action and the format of laws available to Plaintiff and
6   members of the Class identified herein make the class action format a particularly efficient and
7   appropriate procedure to redress the wrongs alleged herein. If each employee were required to
8   file an individual lawsuit, the corporate Defendants would necessarily gain an unconscionable
9   advantage since it would be able to exploit and overwhelm the limited resources of each
10  individual plaintiff with their vastly superior financial and legal resources. Requiring each class
11  member to pursue and individual remedy would also discourage the assertion of lawful claims by
12  employees who would be disinclined to file an action against their former and/or current
13  employer for real and justifiable fear of retaliation and permanent damage to their careers at
14  subsequent employment.

15      26.     The prosecution of separate actions by the individual class members, even if
16  possible, would create a substantial risk of (a) inconsistent or varying adjudications with respect
17  to individual class members against the Defendants and which would establish potentially
18  incompatible standards of conduct for the Defendants, and/or (b) adjudications with respect to
19  individual class members which would, as a practical matter, be dispositive of the interest of the
20  other class members not parties to the adjudications or which would substantially impair or
21  impede the ability of the class members to protect their interests. Further, the claims of the
22  individual members of the class are not sufficiently large to warrant vigorous individual
23  prosecution considering all of the concomitant costs and expenses.

24      27.     Such a pattern, practice and uniform administration of corporate policy regarding
25  illegal employee compensation described herein is unlawful and creates an entitlement to
26  recovery by Plaintiff and the Class identified herein, in a civil action, for the unpaid balance of
27  the full amount of unpaid wages, including interest thereon, applicable penalties, reasonable
28  attorneys' fees, and costs of suit according to the mandate of California Labor Code §§218.5,

218.6, 226, and Code of Civil Procedure § 1021.5.

28.    Proof of a common business practice or factual pattern, which the named Plaintiff experienced and is a representative of, will establish the right of each of the members of the Plaintiff class to recovery on the causes of action alleged herein.

29.    The Plaintiff class is commonly entitled to a specific fund with respect to the compensation illegally and unfairly retained by Defendants. The Plaintiff class is commonly entitled to restitution of those funds being improperly withheld by Defendants. This action is brought for the benefit of the entire Class and will result in the creation of a common fund.

## FIRST CAUSE OF ACTION

## VIOLATION OF LABOR CODE §§ 226.2 AND 226.7

## (BY PLAINTIFF AND THE CLASS AGAINST ALL DEFENDANTS)

30.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 29 as though fully set forth herein.

31.    This cause of action is brought pursuant to Labor Code §§ 226.2 and 226.7, which require an employer to provide employees with a ten (10) minute paid rest period for every 3.5 hours worked by an employee. Defendants failed in their affirmative obligation to ensure that Plaintiff and other class members had the opportunity to take and were provided with paid rest periods in accordance with the mandates of the California Labor Code and the applicable IWC Wage Order. As a result of Defendants' compensation scheme, Plaintiff and the class were not provided with "paid" rest breaks. As such, Defendants are responsible for paying premium compensation for the unpaid rest periods, as well as the lost wages for the unpaid rest breaks pursuant to Labor Code §§ 226.2, 226.7 and the applicable IWC Wage Order.

32.    As a pattern and practice, Plaintiff and class members regularly worked shifts of 3.5 hours or more per day and accordingly had a right to take a paid 10-minute duty-free paid rest period each day worked in any such shifts. However, given that Plaintiff and class members were compensated on a mileage-rate basis, they were not provided with "paid" rest breaks.

33.    Plaintiff and class members were not paid an hourly wage and any such duty-free rest breaks Plaintiff and class members may have taken were not compensated.

8

34.     Plaintiff is informed and believes and based thereon alleges that Defendant willfully failed to pay employees who were not provided paid rest breaks, and that Plaintiff and other class members are owed wages for the rest period violations set forth above. Plaintiff is informed and believes and based thereon alleges Defendants' willful failure to provide class members the wages due and owing them upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due. Therefore, members of the class who have separated from employment are entitled to compensation pursuant to Labor Code § 203.

35.     Such a pattern, practice and uniform administration of corporate policy as described herein is unlawful and creates an entitlement to recovery by Plaintiff and class members identified herein, in a civil action, for the lost wages and unpaid balance of the premium compensation pursuant to Labor Code §§ 226.2, 226.7 and the applicable IWC Wage Order, including interest thereon, penalties, reasonable attorney's fees, and costs of suit.

## SECOND CAUSE OF ACTION

### VIOLATION OF LABOR CODE §§ 226(a) AND 226.2

### (BY PLAINTIFF AND THE CLASS AGAINST ALL DEFENDANTS)

36.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 35 as though fully set forth herein.

37.     Defendants failed in their affirmative obligation to provide accurate itemized wage statements. For instance, the wage statements provided to Plaintiff failed to identify the unpaid wages due to the unpaid rest breaks. The wage statements issued to the mileage-paid Plaintiff displayed inaccurate amounts of gross and net pay.

38.     Such a pattern, practice and uniform administration of corporate policy as described herein is unlawful and creates an entitlement to recovery by Plaintiff and the Class identified herein, in a civil action, for all damages or penalties pursuant to Labor Code §§ 226 and 226.2, including interest thereon, attorneys' fees, and costs of suit according to the mandate of California Labor Code §§ 226 and 226.2.

## THIRD CAUSE OF ACTION

## VIOLATION OF LABOR CODE §§ 221 AND 2802

## FOR UNREIMBUSED BUSINESS EXPENSES AND UNLAWFUL DEDUCTIONS

## (BY PLAINTIFF AND THE CLASS AGAINST ALL DEFENDANTS)

39.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 38 as though fully set for herein.

40.     This cause of action is brought pursuant to California Labor Code §§ 221 and 2802 which provides that employees are entitled to be indemnified for expenses and losses in discharging the duties of their employers, and prohibits the unlawful deduction of wages by an employer.

41.     As a pattern and practice, Defendants regularly failed to reimburse and indemnify Plaintiff and the Class members, as there was a policy to chargeback costs for performing a drug screen, motor vehicle report and DAC report. Further, Defendants imposed a service charge for legal plan support. Also, Defendants unlawfully deducted $0.04/mile for a per diem charge and $0.02/mile for safety bonus.

42.     As a pattern and practice, Defendants had a uniform corporate pattern and practice and procedure regarding the above practices in violation of California Labor Code §§ 221 and 2802. Plaintiff is informed and believes and based thereon alleges Defendants' unlawful deduction of wages due to class members whose employment have terminated results in a continued payment of wages up to thirty (30) days from the time the wages were due pursuant to Labor Code § 203.

43.     Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation as described herein is unlawful and creates an entitlement to recovery by Plaintiff in a civil action, for the unpaid balance of the full amount of damages owed, including interest thereon, penalties, attorney's fees, and costs of suit according to the mandate of California Labor Code §§ 201-203, 221 and 2802, et seq.

## FOURTH CAUSE OF ACTION

## VIOLATION OF LABOR CODE §§ 510 AND 1194

## (BY PLAINTIFF AND THE CLASS AGAINST ALL DEFENDANTS)

44.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 43 as though fully set for herein.

45.     At all times relevant herein, DEFENDANTS were required to compensate their non-exempt employees correct and proper regular wages for all hours worked. Further, Defendants were required to pay proper minimum and/or overtime wages for all hours worked in excess of 8 hours in a work day or 40 hours in a work week pursuant to California Labor Code §§ 510 and 1194. In addition, non-exempt employees are entitled to payment of overtime at the rate of one and one-half (1 ½) times the employee's regular rate for all hours over 40 hours in a workweek.

46.     DEFENDANTS regularly required Plaintiff and other class members to work hours in excess of 8 hours in a work-day or 40 hours in a work week without the payment of proper overtime and/or double time wages, in violation of California Labor Code § 1194 and the applicable IWC Wage Order. Specifically, Defendants only paid $50 per 24 hour period when Plaintiff and other class members were required to wait and be on call for the next load to become ready to transport. Further, when Plaintiff and other class members were detained, Defendants did not pay a detention pay unless they were detained for more than 2 hours. Therefore, Plaintiff and other class members were not paid for the first 2 hours that they had to wait to load or unload our trucks. This policy of Defendants failed to pay for minimum and/or overtime wages due to the Plaintiff and other class members.

47.     Plaintiff is informed and believes and based thereon alleges DEFENDANTS willfully failed to pay employees all minimum and/or overtime wages for all hours worked. Plaintiff is informed and believes, and based thereon alleges, that DEFENDANTS' willful failure to pay proper all minimum and/or overtime wages due and owing them upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due. Therefore, Plaintiff and other class members are entitled to compensation

1   pursuant to Labor Code § 203.

2      48.     Such a pattern, practice and uniform administration of corporate policy regarding

3   illegal employee compensation as described herein is unlawful and creates an entitlement to

4   recovery by Plaintiff and other class members in a civil action, for the unpaid balance of the full

5   amount of regular and overtime and/or double time wages owing, including interest thereon,

6   penalties, attorneys fees, and costs of suit according to the mandate of California Labor Code §§

7   510 and 1194.

### FIFTH CAUSE OF ACTION

### VIOLATIONS OF BUSINESS AND PROFESSIONS CODE §17200 ET SEQ.

### (BY PLAINTIFF AND THE CLASS AGAINST ALL DEFENDANTS)

11      49.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 48 as

12   though fully set for herein.

13      50.     DEFENDANTS, and each of them, have engaged and continue to engage in

14   unfair, unlawful, and misleading business practices in California by practicing, employing and

15   utilizing the employment practices outlined above, inclusive, to wit, by failing to provide paid

16   rest periods, failing to pay expense reimbursements, and failing to pay minimum and overtime

17   wages due for all hours worked.

18      51.     DEFENDANTS' utilization of such unfair and unlawful business practices

19   constitutes unfair, unlawful competition and provides an unfair advantage over DEFENDANTS'

20   competitors.

21      52.     Plaintiff seeks, on his own behalf and on behalf of the general public, full

22   restitution of monies—including rest break premium wages, reimbursement of business

23   expenses, minimum and/or overtime wages--as necessary and according to proof, to restore any

24   and all monies withheld, acquired and/or converted by the DEFENDANTS by means of the

25   unfair practices complained of herein.

26      53.     The acts complained of herein occurred within the last four years preceding the

27   filing of the complaint in this action.

28      54.     Plaintiff is informed and believes and based thereon alleges that at all times herein

1  mentioned DEFENDANTS have engaged in unlawful, deceptive and unfair business practices,

2  as proscribed by California Business and Professions Code §17200 et seq., including those set

3  forth herein above thereby depriving Plaintiffs and other members of the general public the

4  minimum working condition standards and conditions due to them under the California laws and

5  Industrial Welfare Commission wage orders as specifically described therein.

6  **PRAYER FOR RELIEF**

7  WHEREFORE, Plaintiff prays for judgment for herself and all others on whose behalf

8  this suit is brought against Defendants, jointly and severally, as follows:

9  1.  For an order appointing Plaintiff as the representative of the Class as described

10  herein;

11  2.  For an order appointing Counsel for Plaintiff as class counsel;

12  3.  Upon the First Cause of Action, for damages and/or penalties, as well as

13  attorneys' fees and costs, pursuant to statute as set forth in Labor Code §§ 201-203, 226.2 and

14  226.7;

15  4.  Upon the Second Cause of Action, for damages and/or penalties, as well as

16  attorneys' fees and costs, pursuant to statute as set forth in Labor Code §§ 201-203, 226 and

17  226.2;

18  5.  Upon the Third Cause of Action, for damages and/or penalties, as well as

19  attorneys' fees and costs, pursuant to statute as set forth in Labor Code §§ 201-203, 221 and

20  2802;

21  6.  Upon the Fourth Cause of Action, for damages and/or penalties, as well as

22  attorneys' fees and costs, pursuant to statute as set forth in Labor Code §§ 201-203, 510 and 1194;

23  7.  Upon the Fifth Cause of Action, for restitution of all funds unlawfully acquired by

24  DEFENDANTS by means of any acts or practices declared by this Court to be in violation of

25  Business and Professions Code §17200 et seq.;

26  8.  On all causes of action for attorneys' fees and costs as provided by California

27  Labor Code §§ 218.5, 1194, 226, 2802 and Code of Civil Procedure § 1021.5; and

28  9.  For such other and further relief that the Court may deem just and proper.

13

1   DATED: October 30, 2018                    LAW OFFICES OF CHOI & ASSOCIATES

2

3                                              By: _____
                                               Edward W. Choi
4                                              Attorneys for Plaintiff and the Class

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Edward W. Choi, Esq.<br>Law Offices of Choi & Associates<br>515 S. Figueroa St., Suite 1250<br>Los Angeles, CA 90071<br><br>TELEPHONE NO: 213-381-1515　FAX NO: 213-465-4885<br>ATTORNEY FOR *(Name)*: Plaintiff and the Class | CONFORMED COPY<br>ORIGINAL FILED<br>Superior Court of California<br>County of Los Angeles<br><br>OCT 31 2018<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By: Tanya Herrera, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 312 N. Spring St.
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central District- Complex Civil

CASE NAME: TABIZON v. COVENANT TRANSPORT, INC.

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: 18STCV03468 |
|---|---|---|---|
| X Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | Limited<br>(Amount<br>demanded is<br>$25,000 or less) | Counter　　Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

BY FAX

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- Auto (22)
- Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- Asbestos (04)
- Product liability (24)
- Medical malpractice (45)
- Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- Business tort/unfair business practice (07)
- Civil rights (08)
- Defamation (13)
- Fraud (16)
- Intellectual property (19)
- Professional negligence (25)
- Other non-PI/PD/WD tort (35)

**Employment**
- Wrongful termination (36)
- [X] Other employment (15)

**Contract**
- Breach of contract/warranty (06)
- Rule 3.740 collections (09)
- Other collections (09)
- Insurance coverage (18)
- Other contract (37)

**Real Property**
- Eminent domain/Inverse condemnation (14)
- Wrongful eviction (33)
- Other real property (26)

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38)

**Judicial Review**
- Asset forfeiture (05)
- Petition re: arbitration award (11)
- Writ of mandate (02)
- Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- Antitrust/Trade regulation (03)
- Construction defect (10)
- Mass tort (40)
- Securities litigation (28)
- Environmental/Toxic tort (30)
- Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- RICO (27)
- Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- Partnership and corporate governance (21)
- Other petition *(not specified above)* (43)

2. This case [X] is ⬚ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [X] Large number of separately represented parties　d. [X] Large number of witnesses
   b. [X] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve　e. ⬚ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [X] Substantial amount of documentary evidence　f. ⬚ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [X] monetary b. ⬚ nonmonetary; declaratory or injunctive relief c. ⬚ punitive

4. Number of causes of action *(specify)*: SIX

5. This case [X] is ⬚ is not a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: October 31, 2018

Edward W. Choi, Esq.
(TYPE OR PRINT NAME)　　　　　　　　　　　　　　(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Case 1:19-cv-00060-PLR-SKL　Document 1-3　Filed 12/06/18　Page 18 of 41　PageID #: 37

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION) BY FAX

**This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☐ X YES  CLASS ACTION? ☐ X YES  LIMITED CASE? ☐ YES  TIME ESTIMATED FOR TRIAL 1 4 ☐ HOURS/ X DAYS

**Item II.** Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column A, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column B below which best describes the nature of this case.

**Step 3:** In Column C, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

> **Applicable Reasons for Choosing Courthouse Location (See Column C below)**

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** — Auto (22) | ☐ | A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| Uninsured Motorist (46) | ☐ | A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Asbestos (04) | ☐ | A6070  Asbestos Property Damage | 2. |
| | ☐ | A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| Product Liability (24) | ☐ | A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| Medical Malpractice (45) | ☐ | A7210  Medical Malpractice - Physicians & Surgeons | 1., 2., 4. |
| | ☐ | A7240  Other Professional Health Care Malpractice | 1., 2., 4. |
| Other Personal Injury Property Damage Wrongful Death (23) | ☐ | A7250  Premises Liability (e.g., slip and fall) | 1., 2., 4. |
| | ☐ | A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 2., 4. |
| | ☐ | A7270  Intentional Infliction of Emotional Distress | 1., 2., 3. |
| | ☐ | A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| Business Tort (07) | ☐ | A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| Civil Rights (08) | ☐ | A6005  Civil Rights/Discrimination | 1., 2., 3. |
| Defamation (13) | ☐ | A6010  Defamation (slander/libel) | 1., 2., 3. |
| Fraud (16) | ☐ | A6013  Fraud (no contract) | 1., 2., 3. |

Left margin labels: Auto Tort · Other Personal Injury/Property Damage/Wrongful Death Tort · Non-Personal Injury/Property Damage/Wrongful Death Tort

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 1 of 4
LA-4B1

**Non-Personal Injury/Property Damage/ Wrongful Death Tort (Cont'd.)**

| A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>- See Step 3 Above |
|---|---|---|
| Professional Negligence (25) | A6017  Legal Malpractice | 1., 2., 3. |
| | A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| Other (35) | A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |

**Employment**

| Wrongful Termination (36) | A6037  Wrongful Termination | 1., 2., 3. |
|---|---|---|
| Other Employment (15) | X  A6024  Other Employment Complaint Case | 1., 2., 3. |
| | A6109  Labor Commissioner Appeals | 10. |

**Contract**

| Breach of Contract/ Warranty (06) (not insurance) | A6004  Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction) | 2., 5. |
|---|---|---|
| | A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| Collections (09) | A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | A6012  Other Promissory Note/Collections Case | 2., 5. |
| Insurance Coverage (18) | A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| Other Contract (37) | A6009  Contractual Fraud | 1., 2., 3., 5. |
| | A6031  Tortious Interference | 1., 2., 3., 5. |
| | A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |

**Real Property**

| Eminent Domain/Inverse Condemnation (14) | A7300  Eminent Domain/Condemnation  Number of parcels _____ | 2. |
|---|---|---|
| Wrongful Eviction (33) | A6023  Wrongful Eviction Case | 2., 6. |
| Other Real Property (26) | A6018  Mortgage Foreclosure | 2., 6. |
| | A6032  Quiet Title | 2. ,6. |
| | A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |

**Unlawful Detainer**

| Unlawful Detainer - Commercial (31) | A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
|---|---|---|
| Unlawful Detainer - Residential (32) | A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer - Drugs (38) | A6022  Unlawful Detainer-Drugs | 2., 6. |

**Judicial Review**

| Asset Forfeiture (05) | A6108  Asset Forfeiture Case | 2., 6. |
|---|---|---|
| Petition re Arbitration (11) | A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 2 of 4

Case 1:19-cv-00060-PLR-SKL   Document 1-3   Filed 12/06/18   Page 20 of 41   PageID #: 39

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review (Cont'd.)** | Writ of Mandate<br>(02) | A6151  Writ - Administrative Mandamus | 2., 8. |
| | | A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review<br>(39) | A6150  Other Writ / Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade<br>Regulation (03) | A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | A6007  Construction defect | 1., 2., 3. |
| | Claims Involving Mass<br>Tort (40) | A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental (30) | A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage<br>Claims from Complex<br>Case (41) | A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment<br><br>(20) | A6141  Sister State Judgment | 2., 9. |
| | | A6160  Abstract of Judgment | 2., 6. |
| | | A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above)<br><br>(42) | A6030  Declaratory Relief Only | 1., 2., 8. |
| | | A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance (21) | A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br><br>(43) | A6121  Civil Harassment | 2., 3., 9. |
| | | A6123  Workplace Harassment | 2., 3., 9. |
| | | A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | A6190  Election Contest | 2. |
| | | A6110  Petition for Change of Name | 2., 7. |
| | | A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | A6100  Other Civil Petition | 2., 9. |

LACIV 109 (Rev. 01/07)                **CIVIL CASE COVER SHEET ADDENDUM**             LASC, rule 2.0
LASC Approved 03-04                      **AND STATEMENT OF LOCATION**               Page 3 of 4
Case 1:19-cv-00060-PLR-SKL   Document 1-3   Filed 12/06/18   Page 21 of 41   PageID #: 40

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C WHICH APPLIES IN THIS CASE | ADDRESS: |
|---|---|
| 1.  2.  3.  4.  5.  6.  7.  8.  9.  10. | 1300 E Franklin Ave. |

| CITY: Pomona | STATE: CA | ZIP CODE: 91766 | |
|---|---|---|---|

Item IV. *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the <u>Spring St.</u> <u>                    </u> courthouse in the <u>Central              </u> District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: <u>October 31, 2018</u>

(SIGNATURE OF ATTORNEY/FILING PARTY)

Edward W. Choi, Esq.

---

## PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet form CM-010.

4. Complete Addendum to Civil Case Cover Sheet form LACIV 109 (Rev 01/07), LASC Approved 03-04.

5. Payment in full of the filing fee, unless fees have been waived.

6. Signed order appointing the Guardian ad Litem, JC form FL-935, if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 4 of 4

Case 1:19-cv-00060-PLR-SKL   Document 1-3   Filed 12/06/18   Page 22 of 41   PageID #: 41

<table>
<tr><td colspan="2" align="center">**SUPERIOR COURT OF CALIFORNIA**<br>**COUNTY OF LOS ANGELES**</td><td align="center">Reserved for Clerk's File Stamp</td></tr>
</table>

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA**<br>**COUNTY OF LOS ANGELES**<br><br>COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012<br><br>**NOTICE OF CASE ASSIGNMENT**<br><br>**UNLIMITED CIVIL CASE** | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**10/31/2018**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____Rita Nazaryan_____ Deputy |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>18STCV03468 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✔ | Carolyn B. Kuhl | 12 | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record     Sherri R. Carter, Executive Officer / Clerk of Court

on 11/02/2018 _____     By Rita Nazaryan _____, Deputy Clerk
    (Date)

LACIV 190 (Rev 6/18)     **NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**
LASC Approved 05/06

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

FILED
Superior Court of California
County of Los Angeles

APR 16 2018

Sherri R. Carter, Executive Officer/Clerk
By_____ Deputy
Stephanie Chung

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| IN RE PERSONAL INJURY COURT ("PI COURT") PROCEDURES, **CENTRAL DISTRICT** (EFFECTIVE APRIL 16, 2018) | ) CASE NO.: <br> ) <br> ) STANDING ORDER RE: PERSONAL <br> ) INJURY PROCEDURES, CENTRAL <br> ) DISTRICT <br> ) <br> ) |

---

**DEPARTMENT:**   2   3   4   5   7

**FINAL STATUS CONFERENCE ("FSC"):**

- **DATE:** _____ AT 10:00 A.M.

**TRIAL:**

- **DATE:** _____ AT 8:30 A.M.

**OSC RE DISMISSAL (CODE CIV. PROC., § 583.210):**

- **DATE:** _____ AT 8:30 A.M.

---

TO EACH PARTY AND TO THE ATTORNEY OF RECORD FOR EACH PARTY:

Pursuant to the California Code of Civil Procedure ("C.C.P."), the California Rules of Court ("C.R.C.") and the Los Angeles County Court Rules ("Local Rules"), the Los Angeles Superior Court ("LASC" or "Court") HEREBY AMENDS AND SUPERSEDES THE AUGUST 10, 2017 SEVENTH AMENDED GENERAL ORDER AND, GENERALLY, ORDERS AS FOLLOWS IN THIS AND ALL OTHER GENERAL JURISDICTION PERSONAL INJURY ACTIONS FILED IN THE CENTRAL DISTRICT.

Page 1 of 8

1. To ensure proper assignment to a PI Court, Plaintiff(s) must carefully fill out the Civil Case Cover Sheet Addendum (form LACIV 109). The Court defines "personal injury" as:

> "an unlimited civil case described on the Civil Case Cover Sheet Addendum and Statement of Location (LACIV 109) as Motor Vehicle-Personal Injury/Property Damage/Wrongful Death; Personal Injury/Property Damage/Wrongful Death-Uninsured Motorist; Product Liability (other than asbestos or toxic/environmental); Medical Malpractice-Physicians & Surgeons; Other Professional Health Care Malpractice; Premises Liability; Intentional Bodily Injury/Property Damage/Wrongful Death; or Other Personal Injury/Property Damage/Wrongful Death. An action for intentional infliction of emotional distress, defamation, civil rights/discrimination, or malpractice (other than medical malpractice), is not included in this definition. An action for injury to real property is not included in this definition." (Local Rule 2.3(a)(1)(A).)

Consistent with Local Rule 2.3(a)(1)(A), the Court will assign a case to the PI Courts if plaintiff(s) check any of the following boxes in the Civil Case Cover Sheet Addendum:

> A7100 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death
>
> A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist
>
> A7260 Product Liability (not asbestos or toxic/environmental)
>
> A7210 Medical Malpractice – Physicians & Surgeons
>
> A7240 Medical Malpractice – Other Professional Health Care Malpractice
>
> A7250 Premises Liability (e.g., slip and fall)
>
> A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism etc.)
>
> A7220 Other Personal Injury/Property Damage/Wrongful Death

The Court will not assign cases to the PI Courts if plaintiff(s) check any boxes elsewhere in the Civil Case Cover Sheet Addendum (any boxes on pages two and three of that form).

///

Standing Order Re Personal Injury Procedures, Central District

The Court sets the above dates in this action in the PI Court circled above (Department 2, 3, 4, 5, or 7) at the Spring Street Courthouse, 312 North Spring Street, Los Angeles, CA 90012. (C.R.C. Rules 3.714(b)(3), 3.729.)

**FILING OF DOCUMENTS**

2.     Parties may file documents in person at the filing window on the first floor of the Stanley Mosk Courthouse (111 N. Hill Street, Los Angeles, CA 90012) or by U.S. Mail or e-Delivery, which is available online at *www.lacourt.org* (link on homepage). Please note that filings are no longer accepted via facsimile and must be filed either in person, via U.S. mail or via e-Delivery. Claims involving an attorney-client fee dispute, documents in which the filing party is a minor, legally incompetent person, or person for whom a conservator has been appointed, requests to waive court fees (FW-001) and requests for accommodations by persons with disabilities (MC-410), may not be filed via e-Delivery.

**SERVICE OF SUMMONS AND COMPLAINT**

3.     Plaintiff(s) shall serve the summons and complaint in this action upon defendant(s) as soon as possible but no later than three years from the date when the complaint is filed. (C.C.P. § 583.210, subd.(a).)  On the OSC re Dismissal date noted above, the PI Court will dismiss the action and/or all unserved parties unless the plaintiff(s) show cause why the action or the unserved parties should not be dismissed. (C.C.P. §§ 583.250; 581, subd. (b)(4).)

4.     The Court sets the above trial and FSC dates on condition that plaintiff(s) effectuate service on defendant(s) of the summons and complaint within six months of filing the complaint.

5.     The PI Court will dismiss the case without prejudice pursuant to C.C.P. § 581 when no party appears for trial.

**STIPULATIONS TO CONTINUE TRIAL**

6.     Provided that all parties agree (and there is no violation of the "five-year rule," C.C.P. § 583.310), the parties may advance or continue any trial date in the PI Courts without showing good cause or articulating any reason or justification for the change.  To continue or advance a trial date, the parties (or their counsel of record) should jointly execute and submit (at the filing window on the first floor of the Stanley Mosk Courthouse, via U.S. mail or via e-Delivery; fee

Page 3 of 8

Standing Order Re Personal Injury Procedures, Central District

1    required) a Stipulation to Continue Trial, FSC and Related Motion/Discovery Dates (form

2    LACIV CTRL-242, available on the court's website, Personal Injury Court link). The PI Courts

3    schedule FSCs for 10:00 a.m., eight (8) court days before the trial date. Parties seeking to

4    continue the trial and FSC dates shall file the Stipulation at least eight court days before the FSC

5    date. Parties seeking to advance the trial and FSC dates shall file the Stipulation at least eight

6    court days before the proposed advanced FSC date. (C.C.P. § 595.2; Govt. Code § 70617, subd.

7    (c)(2).) In selecting a new trial date, parties should avoid setting on any Monday, or the Tuesday

8    following a court holiday. Parties may submit a maximum of two stipulations to continue trial,

9    for a total continuance of six months. Subsequent requests to continue trial will be granted upon

10   a showing of good cause by noticed motion. This rule is retroactive so that any previously

11   granted stipulation to continue trial will count toward the maximum number of allowed

12   continuances.

13   **NO CASE MANAGEMENT CONFERENCES**

14   7.      The PI Courts do not conduct Case Management Conferences. The parties need not file

15   a Case Management Statement.

16   **LAW AND MOTION**

17   8.      Any documents with declarations and/or exhibits must be tabbed. (C.R.C. Rule

18   3.1110(f).) All depositions excerpts referenced in briefs must be marked on the transcripts

19   attached as exhibits. (C.R.C. Rule 3.1116(c).)

20   **CHAMBERS COPIES REQUIRED**

21   9.      In addition to filing original motion papers at the filing window on the first floor of the

22   Stanley Mosk Courthouse, via U.S. mail or via e-Delivery, the parties must deliver, directly to

23   the PI Court courtrooms at the Spring Street Courthouse, an extra copy (marked "Chambers

24   Copy") of reply briefs and all other motion papers filed less than seven (7) court days before a

25   hearing calendared in the PI Courts. The PI Courts also strongly encourage the parties filing and

26   opposing lengthy motions, such as motions for summary judgment/adjudication, to submit one

27   or more three-ring binders organizing the chambers copy behind tabs.

28   ///

Standing Order Re Personal Injury Procedures, Central District

**RESERVATION HEARING DATE**

10.     Parties are directed to reserve hearing dates for motions in the PI Courts using the Court Reservation System (CRS) available online at *www.lacourt.org* (link on homepage). After reserving a motion hearing date, the reservation requestor must submit the papers for filing with the reservation receipt (CRS) number printed on the face page of the document under the caption and attach the reservation receipt as the last page. Parties or counsel who are unable to utilize the online CRS may reserve a motion hearing date by calling the PI Court courtroom, Monday through Friday, between 3:00 p.m. and 4:00 p.m.

**WITHDRAWAL OF MOTIONS**

11.     California Rules of Court, Rule 3.1304(b) requires a moving party to notify the court immediately if a matter will not be heard on the scheduled date. In keeping with that rule, the PI Courts urge parties who amend pleadings in response to demurrers to file amended pleadings before the date when opposition to the demurrer is due so that the PI Courts do not needlessly prepare tentative rulings on demurrers.

**DISCOVERY MOTIONS**

12.     The purpose of an Informal Discovery Conference ("IDC") is to assist the parties to resolve and/or narrow the scope of discovery disputes. Lead trial counsel on each side, or another attorney with full authority to make binding agreements, must attend in person. The PI judges have found that, in nearly every case, the parties amicably resolve disputes with the assistance of the Court.

13.     Parties **must** participate in an IDC **before** a Motion to Compel Further Responses to Discovery will be heard unless the moving party submits evidence, by way of declaration, that the opposing party has failed or refused to participate in an IDC. Scheduling or participating in an IDC does not automatically extend any deadlines imposed by the Code of Civil Procedure for noticing and filing discovery motions. Ideally, the parties should participate in an IDC before a motion is filed because the IDC may avoid the necessity of a motion or reduce its scope. Because of that possibility, attorneys are encouraged to stipulate to extend the 45 (or 60) day deadline for filing a motion to compel further discovery responses in order to allow time to participate in an

1 IDC.

2       If parties do not stipulate to extend the deadlines, the moving party may file the motion

3 to avoid it being deemed untimely. However, the IDC must take place before the motion is

4 heard so it is suggested that the moving party reserve a date for the motion hearing that is at least

5 60 days after the date when the IDC reservation is made. Motions to Compel Further Discovery

6 Responses are heard at 10:00 a.m. If the IDC is not productive, the moving party may advance

7 the hearing on a Motion to Compel Further Discovery Responses on any available hearing date

8 that complies with the notice requirements of the Code of Civil Procedure.

9 14.     Parties are directed to reserve IDC dates in the PI Courts using CRS available online at

10 www.lacourt.org (link on homepage). Parties are to meet and confer regarding the available

11 dates in CRS prior to accessing the system. After reserving the IDC date, the reservation

12 requestor must file in the appropriate department and serve an Informal Discovery Conference

13 Form for Personal Injury Courts, from LACIV 239 (revised 12/14 or later), at least 15 court days

14 prior to the conference and attach the CRS reservation receipt as the last page. The opposing

15 party may file and serve a responsive IDC form, briefly setting forth that party's response, at

16 least 10 court days prior to the IDC.

17 15.     Time permitting, the PI Hub judges may be available to participate in IDCs to try to

18 resolve other types of discovery disputes.

19 **EX PARTE APPLICATIONS**

20 16.     Under the California Rules of Court, courts may only grant *ex parte* relief upon a

21 showing, by admissible evidence, that the moving party will suffer "irreparable harm,"

22 "immediate danger," or where the moving party identifies "a statutory basis for granting relief

23 ex parte." (C.R.C. Rule 3.1202(c).) The PI Courts have no capacity to hear multiple *ex parte*

24 applications or to shorten time to add hearings to their fully booked motion calendars. The PI

25 Courts do not regard the Court's unavailability for timely motion hearings as an "immediate

26 danger" or threat of "irreparable harm" justifying *ex parte* relief. Instead of seeking *ex parte*

27 relief, the moving party should reserve the earliest available motion hearing date (even if it is

28 after the scheduled trial date) and should file a motion to continue trial. Parties should also check

the Court Reservation System from time to time because earlier hearing dates may become available as cases settle or hearings are taken off calendar.

**REQUEST FOR TRANSFER TO INDEPENDENT CALENDAR DEPARTMENT**

17.    Parties seeking to transfer a case from a PI Court to an Independent Calendar ("I/C") Court shall file (at the filing window on the first floor of the Stanley Mosk Courthouse, via U.S. mail or via e-Delivery) and serve the Court's "Motion to Transfer Complicated Personal Injury Case to Independent Calendar Court" (form LACIV 238, available on the Court's website under the PI Courts link).    The PI Courts will transfer a matter to an I/C Court if the case is not a "Personal Injury" case as defined in this Order, or if it is "complicated." In determining whether a personal injury case is "complicated" the PI Courts will consider, among other things, the number of pretrial hearings or the complexity of issues presented.

18.    Parties opposing a motion to transfer have five court days to file (at the filing window on the first floor of the Stanley Mosk Courthouse, via U.S. mail or via e-Delivery) an Opposition (using the same LACIV 238 Motion to Transfer form).

19.    The PI Courts will not conduct a hearing on any Motion to Transfer to I/C Court. Although the parties may stipulate to transfer a case to an Independent Calendar Department, the PI Courts will make an independent determination whether to transfer the case or not.

**FINAL STATUS CONFERENCE**

20.    Parties shall comply with the requirements of the PI Courts' "First Amended Standing Order Re Final Status Conference," which shall be served with the summons and complaint.

**JURY FEES**

21.    Parties must pay jury fees no later than 365 calendar days after the filing of the initial complaint. (C. C. P. § 631, subds. (b) and (c).)

**JURY TRIALS**

22.    The PI Courts do not conduct jury trials.  On the trial date, a PI Court will contact the Master Calendar Court, Department One, in the Stanley Mosk Courthouse.  Department One will assign cases out for trial to dedicated Civil Trial Courtrooms and designated Criminal Courtrooms.

1 | **SANCTIONS**

2 | 23.     The Court has discretion to impose sanctions for any violation of this general order.

3 | (C.C.P. §§ 128.7, 187 and Gov. Code, § 68608, subd. (b).)

4

5

6 | Dated: *April 16, 2018*        *Debre K Weintraub*

7 |                                       Debre K. Weintraub

8 |                                         Supervising Judge of Civil Courts

                                        Los Angeles Superior Court

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FILED**
Superior Court of California
County of Los Angeles

**APR 16 2018**

Sherri R. Carter, Executive Officer/Clerk
By_____ Deputy
Stephanie Chung

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# FOR THE COUNTY OF LOS ANGELES – CENTRAL DISTRICT

In re Personal Injury Cases Assigned
To the Personal Injury Courts
(Departments 2, 3, 4, 5 and 7 of the Spring
Street Courthouse)

)
)
)
)
)
)

FIRST AMENDED STANDING ORDER –
RE: FINAL STATUS CONFERENCE,
PERSONAL INJURY ("PI") COURTS
(Effective as of April 16, 2018)

The dates for Trial and Final Status Conference ("FSC") having been set in this matter, the Court HEREBY AMENDS AND SUPERSEDES ITS JANUARY 2, 2018 STANDING ORDER—RE: FINAL STATUS CONFERENCE, PERSONAL INJURY ("PI") COURTS AND, GENERALLY, ORDERS AS FOLLOWS IN THIS AND ALL OTHER GENERAL JURISDICTION PERSONAL INJURY ACTIONS:

1. **PURPOSE OF THE FSC**

The purpose of the FSC is to verify that the parties/counsel are completely ready to proceed with trial continuously and efficiently, from day to day, until verdict. The PI Courts will verify at the FSC that all parties/counsel have (1) prepared the Exhibit binders and Trial Document binders and (2) met and conferred in an effort to stipulate to ultimate facts, legal issues, motions in limine, and the authentication and admissibility of exhibits.

///

///

Page 1 of 5

FIRST AMENDED ORDER RE FINAL STATUS CONFERENCE, PERSONAL INJURY COURTS (Effective April 16, 2018)

## 2.    TRIAL DOCUMENTS TO BE FILED

At least five calendar days prior to the Final Status Conference, the parties/counsel shall serve and file (in Room 102 of the Stanley Mosk Courthouse or by e-Delivery) the following Trial Readiness Documents:

### A.    TRIAL BRIEFS (OPTIONAL)

Each party/counsel may file, but is not required to file, a trial brief succinctly identifying:

(1) the claims and defenses subject to litigation;

(2) the major legal issues (with supporting points and authorities);

(3) the relief claimed and calculation of damages sought; and

(4) any other information that may assist the court at trial.

### B.    MOTIONS IN LIMINE

Before filing motions in limine, the parties/counsel shall comply with the statutory notice provisions of Code of Civil Procedure ("C.C.P.") Section 1005 and the requirements of Los Angeles County Court Rule ("Local Rule") 3.57(a). The caption of each motion in limine shall concisely identify the evidence that the moving party seeks to preclude. Parties filing more than one motion in limine shall number them consecutively. Parties filing opposition and reply papers shall identify the corresponding motion number in the caption of their papers.

### C.    JOINT STATEMENT TO BE READ TO THE JURY

For jury trials, the parties/counsel shall work together to prepare and file a joint written statement of the case for the court to read to the jury. Local Rule 3.25(g)(4).

### D.    JOINT WITNESS LIST

The parties/counsel shall work together to prepare and file a joint list of all witnesses in alphabetical order by last name that each party intends to call (excluding impeachment and rebuttal witnesses). Local Rule 3.25(g)(5). The joint witness list shall identify each witness by name, specify which witnesses are experts, and estimate the length of the direct, cross examination and re-direct examination (if any) of each witness. The

parties/counsel shall identify all potential witness scheduling issues and special requirements. Any party/counsel who seeks to elicit testimony from a witness not identified on the witness list must first make a showing of good cause to the trial court.

### E. LIST OF PROPOSED JURY INSTRUCTIONS
### (JOINT AND CONTESTED)

The parties/counsel shall jointly prepare and file a list of proposed jury instructions, organized in numerical order, specifying the instructions upon which all sides agree and the contested instructions, if any. The List of Proposed Jury Instructions must include a space by each instruction for the judge to indicate whether the instruction was given.

### F. JURY INSTRUCTIONS
### (JOINT AND CONTESTED)

The parties/counsel shall prepare a complete set of full-text proposed jury instructions, editing all proposed California Civil Jury Instructions ("CACI") and insert party name(s) and eliminate blanks and irrelevant material. The parties/counsel shall prepare special instructions in a format ready for submission to the jury with the instruction number, title, and text only (i.e., there should be no boxes or other indication on the printed instruction itself as to the requesting party).

### G. JOINT VERDICT FORM(S)

The parties/counsel shall prepare and jointly file a proposed general verdict form or special verdict form (with interrogatories) acceptable to all sides. Local Rule 3.25(g)(8). If the parties/counsel cannot agree on a joint verdict form, each party must separately file a proposed verdict form.

### H. JOINT EXHIBIT LIST

The parties/counsel shall prepare and file a joint exhibit list organized with columns identifying each exhibit and specifying each party's evidentiary objections, if any, to admission of each exhibit. The parties/counsel shall meet and confer in an effort to resolve objections to the admissibility of each exhibit.

### I.    PAGE AND LINE DESIGNATION FOR
### DEPOSITION AND FORMER TESTIMONY

If the parties/counsel intend to use deposition testimony or former trial testimony in lieu of any witness's live testimony, the parties/counsel shall meet and confer and jointly prepare and file a chart with columns for each of the following:  1) the line and page designations of the deposition or former testimony requested for use, 2) objections, 3) counter-designations, 4) any responses thereto, and 5) the Court's ruling.

### 3.    EVIDENTIARY EXHIBITS

The parties/counsel shall jointly prepare (and be ready to temporarily lodge for inspection at the FSC) three sets of tabbed, internally paginated by document, and properly-marked exhibits, organized numerically in three-ring binders (a set for the Court, the Judicial Assistant and the witnesses).  The parties/counsel shall mark all non-documentary exhibits and insert a simple written description of the exhibit behind the corresponding numerical tab in the exhibit binder.  If the parties have a joint signed exhibit list and electronic copies of their respective exhibits, then the parties/counsel will not be required to produce exhibit binders at the FSC.  However, the exhibit binders may be required by the assigned trial judge when the trial commences.  In the absence of either a joint signed exhibit list or electronic copies, exhibit binders will be required by all parties/counsel at the FSC.

### 4.    TRIAL BINDERS REQUIRED IN THE PI COURTS

The parties/counsel shall jointly prepare (and be ready to temporarily lodge and include the following for inspection at the FSC) the Trial Documents consisting of conformed copies, tabbed and organized into three-ring binders with a table of contents that includes the following:

Tab A:    Trial Briefs (Optional)

Tab B:    Motions in Limine

Tab C:    Joint Statement to Be Read to the Jury

Tab D:    Joint Witness List

///

FIRST AMENDED ORDER RE FINAL STATUS CONFERENCE, PERSONAL INJURY COURTS (Effective April 16, 2018)

Tab E:      Joint List of Jury Instructions (identifying the agreed upon and contested instructions)

Tab F:      Joint and Contested Jury Instructions

Tab G:      Joint and/or Contested Verdict Form(s)

Tab H:      Joint Exhibit List

Tab I:      Joint Chart of Page and Line Designation(s) for Deposition and Former Testimony

Tab J:      Copies of the Current Operative Pleadings (including the operative complaint, answer, cross-complaint, if any, and answer to any cross-complaint).

The parties/counsel shall organize motions in limine (tabbed in numerical order) behind Tab B with the opposition papers and reply papers for each motion placed directly behind the moving papers. The parties shall organize proposed jury instructions behind Tab F, with the agreed upon instructions first in order followed by the contested instructions (including special instructions) submitted by each side.

5.      **FAILURE TO COMPLY WITH FSC OBLIGATIONS**

The court has discretion to require any party/counsel who fails or refuses to comply with this Amended Standing Order to show cause why the Court should not impose monetary, evidentiary and/or issue sanctions (including the entry of a default or the striking of an answer).

Dated: *April 16, 2018*      *Debre K Weintraub*
Debre K. Weintraub
Supervising Judge, Civil
Los Angeles Superior Court

FIRST AMENDED ORDER RE FINAL STATUS CONFERENCE, PERSONAL INJURY COURTS (Effective April 16, 2018)

# Superior Court of California
# County of Los Angeles



# ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKET

The person who files a civil lawsuit (plaintiff) must include the ADR Information Packet with the complaint when serving the defendant. Cross-complainants must serve the ADR Information Packet on any new parties named to the action together with the cross-complaint.

There are a number of ways to resolve civil disputes without having to sue someone. These alternatives to a lawsuit are known as alternative dispute resolution (ADR).

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. For example, in mediations, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help resolve disputes without having to go to court.

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

**Advantages of ADR**
- Often faster than going to trial
- Often less expensive, saving the litigants court costs, attorney's fees and expert fees.
- May permit more participation, allowing parties to have more control over the outcome.
- Allows for flexibility in choice of ADR processes and resolution of the dispute.
- Fosters cooperation by allowing parties to work together with the neutral to resolve the dispute and mutually agree to remedy.
- There are fewer, if any, court appearances. Because ADR can be faster and save money, it can reduce stress.

**Disadvantages of ADR - ADR may not be suitable for every dispute.**
- If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.
- ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.
- The neutral may charge a fee for his or her services.
- If the dispute is not resolved through ADR, the parties may then have to face the usual and traditional costs of trial, such as attorney's fees and expert fees.

**The Most Common Types of ADR**

- **Mediation**

  In mediation, a neutral (the mediator) assists the parties in reaching a mutually acceptable resolution of their dispute. Unlike lawsuits or some other types of ADR, the parties, rather than the mediator, decide how the dispute is to be resolved.

  - **Mediation is particularly effective** when the parties have a continuing relationship, like neighbors or business people. Mediation is also very effective where personal feelings are getting in the way of a resolution. This is because mediation normally gives the parties a chance to express their feelings and find out how the other sees things.

  - **Mediation may not be effective** when one party is unwilling to cooperate or compromise or when one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

- **Arbitration**

  In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is typically less formal than a trial, and the rules of evidence may be relaxed. Arbitration may be either "binding" or "non-binding." Binding arbitration means the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Non-binding arbitration means that the parties are free to request a trial if they reject the arbitrator's decision.

  Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

- **Mandatory Settlement Conference (MSC)**

  **Settlement Conferences are appropriate in any case where settlement is an option.** Mandatory Settlement Conferences are ordered by the Court and are often held near the date a case is set for trial. The parties and their attorneys meet with a judge who devotes his or her time exclusively to preside over the MSC. The judge does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement.

  The Los Angeles Superior Court Mandatory Settlement Conference (MSC) program is free of charge and staffed by experienced sitting civil judges who devote their time exclusively to presiding over MSCs. The judges participating in the judicial MSC program and their locations are identified in the List of Settlement Officers found on the Los Angeles Superior Court website at http://www.lacourt.org/. This program is available in general jurisdiction cases with represented parties from independent calendar (IC) and Central Civil West (CCW) courtrooms. In addition, on an ad hoc basis, personal injury cases may be referred to the program on the eve of trial by the personal injury master calendar courts in the Stanley Mosk Courthouse or the asbestos calendar court in CCW.

  In order to access the Los Angeles Superior Court MSC Program the judge in the IC courtroom, the CCW Courtroom or the personal injury master calendar courtroom must refer the parties to the program. Further, all parties must complete the information requested in the Settlement Conference Intake Form and email the completed form to mscdept18@lacourt.org.

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

Case 1:19-cv-00060-PLR-SKL   Document 1-3   Filed 12/06/18   Page 40 of 41   PageID #: 59

**Additional Information**

To locate a dispute resolution program or neutral in your community:

- Contact the California Department of Consumer Affairs (www.dca.ca.gov) Consumer Information Center toll free at 800-952-5210, or;
- Contact the local bar association (http://www.lacba.org/) or;
- Look in a telephone directory or search online for "mediators; or "arbitrators."

There may be a charge for services provided by private arbitrators and mediators.

A list of approved State Bar Approved Mandatory Fee Arbitration programs is available at
http://calbar.ca.gov/Attorneys/MemberServices/FeeArbitration/ApprovedPrograms.aspx#19

To request information about, or assistance with, dispute resolution, call the number listed below. Or you may call a Contract Provider agency directly. A list of current Contract Provider agencies in Los Angeles County is available at the link below.

http://css.lacounty.gov/programs/dispute-resolution-program-drp/

County of Los Angeles Dispute Resolution Program
3175 West 6th Street, Room 406
Los Angeles, CA 90020-1798
TEL: (213) 738-2621
FAX: (213) 386-3995

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

Case 1:19-cv-00060-PLR-SKL   Document 1-3   Filed 12/06/18   Page 41 of 41   PageID #: 60