IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

| | |
|---|---|
| RICHARD TABIZON, as an individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>COVENANT TRANSPORT, INC., a Corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO. 1:19-CV-00060-CEA-CHS |

# FIRST AMENDED COMPLAINT

Plaintiff RICHARD TABIZON ("Plaintiff") hereby submits this First Amended Class Action Complaint ("Complaint") against Defendant COVENANT TRANSPORT, INC. and Does 1 through 50 (hereinafter collectively referred to as "Defendants") on behalf of himself and the class of all other similarly situated current and former employees of Defendants for failure to provide paid rest breaks, failure to provide meal breaks, failure to provide accurate records, failure to reimburse business related expenses, unlawful deduction of wages, failure to pay proper minimum, regular and overtime wages, and penalties under the California Labor Code, and for restitution as follows:

## INTRODUCTION

1. Defendants contend in their Notice of Removal that this Court has jurisdiction. Plaintiff disputes Defendant's contentions and reserves his right to seek remand. This Complaint challenges systemic illegal employment practices resulting in violations of California Labor Code §§ 201-204, 221, 226, 226.2, 226.7, 510, 512, 1194, 1197, 2802, 2698, *et seq.* California Business and Professions Code §17200 *et seq.*, the applicable Wage Orders of the California Industrial Welfare Commission ("IWC") and the California Unfair Competition Law (the

"UCL").

2. This complaint challenges systemic illegal employment practices resulting in violations of the California Labor Code and the UCL against individuals who worked for Defendants.

3. Plaintiff is informed and believes, and based thereon alleges, that Defendants, jointly and severally, have acted intentionally and with deliberate indifference and conscious disregard to the rights of all employees in Defendants': (a) failure to provide paid rest breaks, (b) failure to provide meal breaks; (c) failure to provide accurate itemized wage statements, (d) failure to provide reimbursement of business related expenses, (e) unlawful deduction of wages; (f) failure to provide proper minimum, regular and overtime wages, and (g) failure to timely provide all wages due during employment and at termination.

4. Plaintiff is informed and believes, and based thereon alleges, that Defendants have engaged in, among other things a system of willful violations of the California Labor Code and the UCL by creating and maintaining policies, practices, and customs that knowingly deny employees the above stated rights and benefits.

5. The policies, practices and customs of defendants described above and below have resulted in unjust enrichment of Defendants and an unfair business advantage over businesses that routinely adhere to the strictures of the California Labor Code and the UCL.

6. The Court has jurisdiction over the violations of the California Labor Code §§ 201-204, 221, 226, 226.2, 226.7, 510, 512, 1194, 1197, 2802, 2698, *et seq.,* California Business and Professions Code §17200 *et seq.*, and the UCL.

## PARTIES

7. On or about February 8, 2018, Defendant hired Plaintiff as a driver. Plaintiff was compensated on a mileage-rate basis for his work.
Plaintiff was and is the victim of the policies, practices, and customs of Defendant complained of in this action in ways that have deprived him of the rights guaranteed by California Labor Code §§ 201-204, 221, 226, 226.2, 226.7, 512, 510, 1194, 1197, 2698, *et seq.*, 2802, California Business and Professions Code §17200 *et seq.*, and the UCL.

8. Plaintiff is informed and believes and based thereon alleges Defendant COVENANT TRASPORT, INC. was and is a Corporation doing business in the State of California providing carrier and transportation services.

9. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned DOES 1 through 50, are and were corporations, business entities, individuals, and partnerships, licensed to do business and actually doing business in the State of California.

10. As such, and based upon all the facts and circumstances incident to Defendants' business, Defendants are subject to California Labor Code §§ 201-204, 221, 226, 226.2, 226.7, 510, 512, 1194, 1197, 2802, 2698, *et seq.,* California Business and Professions Code §17200 *et seq.*, and the UCL.

11. Plaintiff does not know the true names or capacities, whether individual, partner or corporate, of the defendants sued herein as Does 1 through 50, inclusive, and for that reason, said defendants are sued under such fictitious names, and Plaintiff prays for leave to amend this complaint when the true names and capacities are known. Plaintiff is informed and believes and based thereon alleges that each of said fictitious defendants were responsible in some way for the matters alleged herein and proximately caused Plaintiff and members of the general public and class to be subject to the illegal employment practices, wrongs, and injuries complained of herein.

12. At all times herein mentioned, each of said defendants participated in the doing of the acts hereinafter alleged to have been done by the named Defendants; and furthermore, the Defendants, and each of them, were the agents, servants and employees of each of the other Defendants, as well as the agents of all Defendants, and at all times herein mentioned, were acting within the course and scope of said agency and employment.

13. Plaintiff is informed and believes, and based thereon alleges, that at all times material hereto, each of the Defendants named herein was the agent, employee, alter ego, and/or joint venturer of, or working in concert with each of the other co-Defendants and was acting within the course and scope of such agency, employment, joint venture, or concerted activity. To the extent said acts, conduct, and omissions were perpetrated by certain Defendants, each of

3.

the remaining Defendants confirmed and ratified said acts, conduct, and omissions of the acting Defendants.

14. At all times herein mentioned, Defendants, and each of them, were members of, and engaged in, a joint venture, partnership and common enterprise, and acting within the course and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

15. At all times herein mentioned, the acts and omissions of various Defendants, and each of them, concurred and contributed to the various acts and omissions of each and all of the other Defendants in proximately causing the injuries and damages as herein alleged. At all times herein mentioned, Defendants, and each of them, ratified each and every act or omission complained of herein. At all times herein mentioned, Defendants, and each of them, aided and abetted the acts and omissions of each and all of the other Defendants in proximately causing the damages as herein alleged.

## CLASS ACTION ALLEGATIONS

16. **Definition:** The named individual Plaintiff seeks class certification, pursuant to California Code of Civil Procedure § 382, of a class of all current and former persons who are or were 1) employed as mileage-paid employee drivers by Covenant Transport, Inc. and 2) California residents at any time from December 21, 2016 through the present (the "Class").

17. Plaintiff further reserves the right to amend such class definitions based upon further discovery.

18. **Numerosity and Ascertainability:** The members of the Class are so numerous that joinder of all members would be impractical, if not impossible. The identities of the members of the Class are readily ascertainable by review of Defendants' records, including payroll records. Plaintiffs are informed and believe, and based thereon allege, that Defendants: (a) failed to provide paid rest breaks, (b) failed to provide meal breaks; (c) failed to provide accurate itemized wage statements, (d) failed to provide reimbursement of business related expenses, (e) unlawfully deducted wages; (f) failed to provide proper minimum, regular and overtime wages, and (g) failed to timely provide all wages due during employment and at termination.

19. **Adequacy of Representation:** The named Plaintiff is fully prepared to take all necessary steps to represent fairly and adequately the interests of the Class defined above. Plaintiff's attorneys are ready, willing, and able to fully and adequately represent the Class and the individual Plaintiff. Plaintiff's attorneys have prosecuted and settled wage-and-hour class actions in the past and currently have a number of wage-and-hour class actions pending in California state and federal courts.

20. Plaintiff is informed and believes and based thereon alleges Defendants, in violation of California Labor Code §§ 201-204, 221, 226, 226.2, 226.7, 510, 512, 1194, 1197, 2698, *et seq.,* 2802, and California Business and Professions Code §17200 *et seq.*, and the UCL, had a consistent and uniform policy, practice and procedure of willfully failing to provide paid rest breaks, failing to pay meal and rest break premiums, failing to pay wages for all hours worked, failing to reimburse work related expenses, unlawfully deducting wages, and failing to provide accurate wage statements to comply with Labor Code §§ 201-204, 221, 226, 226.2, 226.7, 510, 512, 1194, 1197, 2698, *et seq.,* 2802, and California Business and Professions Code §17200 *et seq.*, and the UCL. Plaintiff and other members of the Class did not secret or absent themselves from Defendants, nor refuse to accept the earned and unpaid wages from Defendants. Accordingly, Defendants are liable for owed wages, meal and rest break premium wages and wage statement and waiting time penalties.

21. **Common Question of Law and Fact:** There are predominant common questions of law and fact and a community of interest amongst Plaintiff and the claims of the Class concerning Defendants' policy and practice of: (a) failing to provide paid rest breaks, (b) failing to provide compliant meal periods; (c) failing to provide accurate itemized wage statements, (d) failing to provide reimbursement of business related expenses, (e) failing to provide proper minimum, regular and overtime wages, (f) unlawfully deducting wages and (g) failing to provide all wages due during employment and at termination.

22. **Typicality:** The claims of Plaintiff are typical of the claims of all members of the Class in that Plaintiff suffered the harm alleged in this Complaint in a similar and typical manner as the Class Members. As with all other drivers who resided in the State of California,

Plaintiff was paid on a mileage-rate basis. Plaintiff was routinely required to work without being provided a duty-free paid rest period of at least 10 minutes during the first 3.5 hours of his work shift. Furthermore, because Plaintiff was paid on a mileage-rate basis and did not receive an hourly wage, all rest breaks Plaintiff was provided were not "paid" rest breaks. Furthermore, Plaintiff was not paid all meal and rest break premiums owed. In addition to the above, the wage statements provided by Defendants to Plaintiff failed to identify the applicable rate(s) of pay and/or applicable rates or numbers for each mileage rate wage earned by Plaintiff, the total number of hours worked, and the applicable rates of pay for non-productive time. In addition, Plaintiff was not reimbursed for business related expenses, as Defendants had a policy to chargeback costs for performing a drug screen, motor vehicle report and DAC report. Further, Defendants imposed a service charge for legal plan support. Also, Defendants deducted $0.04/mile for a per diem charge and $0.02/mile for safety bonus. Further, Plaintiff was only paid $50 per 24 hour period when he was required to wait and be on call for the next load to become ready to transport. Further, when Plaintiff was detained, Defendants did not pay a detention pay unless he detained for more than 2 hours. Therefore, Plaintiff not paid for the first 2 hours that we had to wait to load or unload our trucks. This policy of Defendants failed to pay for minimum, regular and/or overtime wages due to the Plaintiff. Therefore, Plaintiff is a member of the Class and has suffered the alleged violations of California Labor Code §§ 201-204, 221, 226, 226.2, 226.7, 510, 512, 1194, 1197, 2802, and California Business and Professions Code §17200 *et seq*.

23. The California Labor Code upon which Plaintiff bases these claims are broadly remedial in nature. These laws and labor standards serve an important public interest in establishing minimum working conditions and standards in California. These laws and labor standards protect the average working employee from exploitation by employers who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions of employment.

24. The nature of this action and the format of laws available to Plaintiff and members of the Class identified herein make the class action format a particularly efficient and

appropriate procedure to redress the wrongs alleged herein. If each employee were required to file an individual lawsuit, the corporate Defendants would necessarily gain an unconscionable advantage since it would be able to exploit and overwhelm the limited resources of each individual plaintiff with their vastly superior financial and legal resources. Requiring each class member to pursue and individual remedy would also discourage the assertion of lawful claims by employees who would be disinclined to file an action against their former and/or current employer for real and justifiable fear of retaliation and permanent damage to their careers at subsequent employment.

25. The prosecution of separate actions by the individual class members, even if possible, would create a substantial risk of (a) inconsistent or varying adjudications with respect to individual class members against the Defendants and which would establish potentially incompatible standards of conduct for the Defendants, and/or (b) adjudications with respect to individual class members which would, as a practical matter, be dispositive of the interest of the other class members not parties to the adjudications or which would substantially impair or impede the ability of the class members to protect their interests. Further, the claims of the individual members of the class are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses.

26. Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation described herein is unlawful and creates an entitlement to recovery by Plaintiff and the Class identified herein, in a civil action, for the unpaid balance of the full amount of unpaid wages, including interest thereon, applicable penalties, reasonable attorneys' fees, and costs of suit according to the mandate of California Labor Code §§218.5, 218.6, 226, 2699 and Code of Civil Procedure § 1021.5.

27. Proof of a common business practice or factual pattern, which the named Plaintiff experienced and is a representative of, will establish the right of each of the members of the Plaintiff class to recovery on the causes of action alleged herein.

28. The Plaintiff class is commonly entitled to a specific fund with respect to the compensation illegally and unfairly retained by Defendants. The Plaintiff class is commonly

entitled to restitution of those funds being improperly withheld by Defendants. This action is brought for the benefit of the entire Class and will result in the creation of a common fund.

## FIRST CAUSE OF ACTION

## VIOLATION OF LABOR CODE §§ 226.2 AND 226.7

## (BY PLAINTIFF AND THE CLASS AGAINST ALL DEFENDANTS)

29. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 29 as though fully set forth herein.

30. This cause of action is brought pursuant to Labor Code §§ 226.2 and 226.7, which require an employer to provide employees with a ten (10) minute paid rest period for every 3.5 hours worked by an employee. Defendants failed in their affirmative obligation to ensure that Plaintiff and other class members had the opportunity to take and were provided with paid rest periods in accordance with the mandates of the California Labor Code and the applicable IWC Wage Order. As a result of Defendants' compensation scheme, Plaintiff and the class were not provided with "paid" rest breaks. As such, Defendants are responsible for paying premium compensation for the unpaid rest periods, as well as the lost wages for the unpaid rest breaks pursuant to Labor Code §§ 226.2, 226.7 and the applicable IWC Wage Order.

31. As a pattern and practice, Plaintiff and class members regularly worked shifts of 3.5 hours or more per day and accordingly had a right to take a paid 10-minute duty-free paid rest period each day worked in any such shifts. However, given that Plaintiff and class members were compensated on a mileage-rate basis, they were not provided with "paid" rest breaks.

32. Plaintiff and class members were not paid an hourly wage and any such duty-free rest breaks Plaintiff and class members may have taken were not compensated.

33. Plaintiff is informed and believes and based thereon alleges that Defendant willfully failed to pay employees who were not provided paid rest breaks, and that Plaintiff and other class members are owed wages for the rest period violations set forth above. Plaintiff is informed and believes and based thereon alleges Defendants' willful failure to provide class members the wages due and owing them upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due. Therefore,

members of the class who have separated from employment are entitled to compensation pursuant to Labor Code § 203.

34. Such a pattern, practice and uniform administration of corporate policy as described herein is unlawful and creates an entitlement to recovery by Plaintiff and class members identified herein, in a civil action, for the lost wages and unpaid balance of the premium compensation pursuant to Labor Code §§ 226.2, 226.7 and the applicable IWC Wage Order, including interest thereon, penalties, reasonable attorney's fees, and costs of suit.

## SECOND CAUSE OF ACTION

## VIOLATION OF LABOR CODE §§ 226.7 AND 512

### (BY PLAINTIFF AND THE CLASS AGAINST ALL DEFENDANTS)

35. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 34 as though fully set forth herein.

36. This cause of action is brought pursuant to Labor Code §§ 226.7 and 512, which require an employer to provide employees with a thirty (30) minute meal period for every 5 hours worked by an employee and a second thirty (30) minute meal period for every 10 hours worked by an employee. Defendants failed in their affirmative obligation to ensure that Plaintiff and other class members had the opportunity to take and were provided with compliant meal periods in accordance with the mandates of the California Labor Code and the applicable IWC Wage Order. Defendants failed to provide compliant meal periods as set forth above. As such, Plaintiff and the Class are entitled to payment of premium wages in the amount of 1 hour per meal periods that were not properly provided pursuant to Labor Code §§226.7 and 512 and the applicable IWC Wage Order.

37. Plaintiff is informed and believes and based thereon alleges that Defendant willfully failed to pay employees who were not provided meal breaks, and that Plaintiff and other class members are owed wages for the meal period violations set forth above. Plaintiff is informed and believes and based thereon alleges Defendants' willful failure to provide class members the wages due and owing them upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due. Therefore,

9.

members of the class who have separated from employment are entitled to compensation pursuant to Labor Code § 203.

38. Such a pattern, practice and uniform administration of corporate policy as described herein is unlawful and creates an entitlement to recovery by Plaintiff and class members identified herein, in a civil action, for the lost wages and unpaid balance of the premium compensation pursuant to Labor Code §§ 226.7 and 512, and the applicable IWC Wage Order, including interest thereon, penalties, reasonable attorney's fees, and costs of suit.

## THIRD CAUSE OF ACTION
## VIOLATION OF LABOR CODE §§ 226(a) AND 226.2
## (BY PLAINTIFF AND THE CLASS AGAINST ALL DEFENDANTS)

39. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 38 as though fully set forth herein.

40. Defendants failed in their affirmative obligation to provide accurate itemized wage statements. For instance, the wage statements provided to Plaintiff failed to identify the unpaid wages due to the unpaid meal and rest breaks. The wage statements issued to the mileage-paid Plaintiff displayed inaccurate amounts of gross and net pay.

41. Such a pattern, practice and uniform administration of corporate policy as described herein is unlawful and creates an entitlement to recovery by Plaintiff and the Class identified herein, in a civil action, for all damages or penalties pursuant to Labor Code §§ 226 and 226.2, including interest thereon, attorneys' fees, and costs of suit according to the mandate of California Labor Code §§ 226 and 226.2.

## FOURTH CAUSE OF ACTION
## VIOLATION OF LABOR CODE §§ 221 AND 2802
## FOR UNREIMBUSED BUSINESS EXPENSES
## AND UNLAWFUL DEDUCTIONS
## (BY PLAINTIFF AND THE CLASS AGAINST ALL DEFENDANTS)

42. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 38 as though fully set for herein.

10.

43. This cause of action is brought pursuant to California Labor Code §§ 221 and 2802 which provides that employees are entitled to be indemnified for expenses and losses in discharging the duties of their employers, and prohibits the unlawful deduction of wages by an employer.

44. As a pattern and practice, Defendants regularly failed to reimburse and indemnify Plaintiff and the Class members, as there was a policy to chargeback costs for performing a drug screen, motor vehicle report and DAC report. Further, Defendants imposed a service charge for legal plan support. Also, Defendants unlawfully deducted $0.04/mile for a per diem charge and $0.02/mile for safety bonus.

45. As a pattern and practice, Defendants had a uniform corporate pattern and practice and procedure regarding the above practices in violation of California Labor Code §§ 221 and 2802. Plaintiff is informed and believes and based thereon alleges Defendants' unlawful deduction of wages due to class members whose employment have terminated results in a continued payment of wages up to thirty (30) days from the time the wages were due pursuant to Labor Code § 203.

46. Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation as described herein is unlawful and creates an entitlement to recovery by Plaintiff in a civil action, for the unpaid balance of the full amount of damages owed, including interest thereon, penalties, attorney's fees, and costs of suit according to the mandate of California Labor Code §§ 201-204, 221 and 2802, et seq.

<u>**FIFTH CAUSE OF ACTION**</u>

**VIOLATION OF LABOR CODE §§ 510, 1194 AND 1197**

**(BY PLAINTIFF AND THE CLASS AGAINST ALL DEFENDANTS)**

47. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 46 as though fully set for herein.

48. At all times relevant herein, DEFENDANTS were required to compensate their non-exempt employees correct and proper regular wages for all hours worked. Further, Defendants were required to pay proper minimum and/or overtime wages for all hours worked in

excess of 8 hours in a work day or 40 hours in a work week pursuant to California Labor Code §§ 510, 1194 and 1197. In addition, non-exempt employees are entitled to payment of overtime at the rate of one and one-half (1 ½) times the employee's regular rate for all hours over 40 hours in a workweek.

49. DEFENDANTS regularly required Plaintiff and other class members to work hours in excess of 8 hours in a work-day or 40 hours in a work week without the payment of proper overtime and/or double time wages, in violation of California Labor Code § 1194 and the applicable IWC Wage Order. Specifically, Defendants only paid $50 per 24 hour period when Plaintiff and other class members were required to wait and be on call for the next load to become ready to transport. Further, when Plaintiff and other class members were detained, Defendants did not pay a detention pay unless they were detained for more than 2 hours. Therefore, Plaintiff and other class members were not paid for the first 2 hours that they had to wait to load or unload our trucks. This policy of Defendants failed to pay for minimum, regular and/or overtime wages due to the Plaintiff and other class members in violation of California Labor Code §§ 510, 1194, and 1197 and the applicable IWC Wage Order.

50. Plaintiff is informed and believes and based thereon alleges DEFENDANTS willfully failed to pay employees all owed wages (including minimum, regular and/or overtime wages) for all hours worked. Plaintiff is informed and believes, and based thereon alleges, that DEFENDANTS' willful failure to pay proper all owed wage (including minimum, regular and/or overtime wages) due and owing them upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due. Therefore, Plaintiff and other class members are entitled to compensation pursuant to Labor Code § 203.

51. Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation as described herein is unlawful and creates an entitlement to recovery by Plaintiff and other class members in a civil action, for the unpaid balance of the full amount of regular and overtime and/or double time wages owing, including interest thereon, penalties, attorneys fees, and costs of suit according to the mandate of California Labor Code §§ 510, 1194 and 1197.

## SIXTH CAUSE OF ACTION

## VIOLATIONS OF BUSINESS AND PROFESSIONS CODE §17200 ET SEQ.
## (BY PLAINTIFF AND THE CLASS AGAINST ALL DEFENDANTS)

52. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 51 as though fully set for herein.

53. DEFENDANTS, and each of them, have engaged and continue to engage in unfair, unlawful, and misleading business practices in California by practicing, employing and utilizing the employment practices outlined above, inclusive, to wit, by failing to provide paid rest periods, failing to provide meal periods, failing to pay meal and rest period premiums, failing to pay expense reimbursements, failing to pay minimum, regular and overtime wages due for all hours worked and failing to timely pay all wages due during employment and/or at termination.

54. DEFENDANTS' utilization of such unfair and unlawful business practices constitutes unfair, unlawful competition and provides an unfair advantage over DEFENDANTS' competitors.

55. Plaintiff seeks, on his own behalf and on behalf of the general public, full restitution of monies—including meal and rest break premium wages, reimbursement of business expenses, minimum, regular and/or overtime wages--as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by the DEFENDANTS by means of the unfair practices complained of herein.

56. The acts complained of herein occurred within the last four years preceding the filing of the complaint in this action.

57. Plaintiff is informed and believes and based thereon alleges that at all times herein mentioned DEFENDANTS have engaged in unlawful, deceptive and unfair business practices, as proscribed by California Business and Professions Code §17200 et seq., including those set forth herein above thereby depriving Plaintiffs and other members of the general public the minimum working condition standards and conditions due to them under the California laws and Industrial Welfare Commission wage orders as specifically described therein.

13.

# SEVENTH CAUSE OF ACTION

# VIOLATION OF CALIFORNIA LABOR CODE §2698, *ET SEQ.*

# (AGAINST ALL DEFENDANTS BY PLAINTIFF AND AGGRIEVED EMPLOYEES)

58. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 57 as though fully set forth herein.

59. Pursuant to California Labor Code §§ 201-204, 226.2 and 226.7, all California employees must be provided a paid 10-minute duty-free rest break for every 3.5 hours of work per day. However, given that Plaintiff and all other Aggrieved Employees were compensated on a mileage-rate basis, they were not provided with "paid" rest breaks.

60. Pursuant to California Labor Code §§226.7 and 512, all California employees must be provided a 30-minute duty-free meal break for every 5 hours of work per day and a second 30-minute duty-free meal break for every 10 hours of work per day. However, given that Plaintiff and all other Aggrieved Employees were compensated on a mileage-rate basis, they were not provided with "paid" rest breaks

61. Pursuant to Labor Code §§ 226 and 226.2, all California employees must be provided accurate records of rates of pay, pay period dates, name of the legal entity that is the employer, wages earned, net wages, overtime rates of pay, and hours worked at each rate of pay. Defendants failed in their affirmative obligation to provide accurate itemized wage statements. Defendants, as a matter of policy and practice, did not provide accurate records as required under California Labor Code § 226 by failing as a matter of policy and practice to identify the unpaid wages due the unpaid rest breaks. The wage statements issued to the mileage-paid Plaintiff and all other Aggrieved Employees displayed inaccurate amounts of gross and net pay.

62. Pursuant to California Labor Code §§ 221 and 2802, all California employees must be indemnified for expenses and losses in discharging the duties of their employers. Plaintiff alleges that he and all other Aggrieved Employees were not properly indemnified for chargeback costs for performing a drug screen, motor vehicle report and DAC report. Further, Defendants imposed a service charge for legal plan support. Also, Defendants unlawfully deducted $0.04/mile for a per diem charge and $0.02/mile for safety bonus.

63. Pursuant to California Labor Code §§ 510, 1194 and 1197, all California employees must be paid their correct and proper regular, minimum, and overtime wages. Defendants only paid $50 per 24 hour period when Plaintiff and all other Aggrieved Employees were required to wait and be on call for the next load to become ready to transport. Further, when Plaintiff and all other Aggrieved Employees were detained, Defendants did not pay a detention pay unless they were detained for more than 2 hours. Therefore, Plaintiff and all other Aggrieved Employees were not paid for the first 2 hours that they had to wait to load or unload our trucks.

64. On or about September 21, 2018, Plaintiff sent written notice to the California Labor & Workforce Development Agency ("LWDA") of Defendants' violations of the Labor Code §§ 201-204, 221, 226, 226.2, 226.7, 510, 1194, 1197 and 2802, pursuant to PAGA. On October 15, 2018, Plaintiff sent his amended written notice to the California Labor & Workforce Development Agency ("LWDA") of Defendants' violations of the Labor Code §§ 201-204, 221, 226, 226.2, 226.7, 510, 1194, 1197 and 2802, pursuant to PAGA. On [INSERT DATE], Plaintiff sent a further amended written notice to the LWDA of Defendants' violations of the Labor Code §§ 201-204, 221, 226, 226.2, 226.7, 510, 512, 1194, 1197 and 2802, pursuant to PAGA.

65. The statutory timeline for the LWDA to provide written notice of its intent to investigate has expired and, thus, pursuant to the PAGA, Plaintiff has exhausted his administrative remedies. Therefore, Plaintiff may seek applicable PAGA penalties.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment for himself and all others on whose behalf this suit is brought against Defendants, jointly and severally, as follows:

1. For an order appointing Plaintiff as the representative of the Class as described herein;

2. For an order appointing Counsel for Plaintiff as class counsel;

3. Upon the First Cause of Action, for damages and/or penalties, as well as attorneys' fees and costs, pursuant to statute as set forth in Labor Code §§ 201-204, 226.2 and 226.7;

15.

4. Upon the Second Cause of Action, for all damages and/or penalties, as attorneys' fees and costs, pursuant to statute as set forth in Labor Code §§ 201-204, 226.7 and 512;

5. Upon the Third Cause of Action, for damages and/or penalties, as well as attorneys' fees and costs, pursuant to statute as set forth in Labor Code §§ 201-204, 226 and 226.2;

6. Upon the Fourth Cause of Action, for damages and/or penalties, as well as attorneys' fees and costs, pursuant to statute as set forth in Labor Code §§ 201-204, 221 and 2802;

7. Upon the Fifth Cause of Action, for damages and/or penalties, as well as attorneys' fees and costs, pursuant to statute as set forth in Labor Code §§ 201-204, 510, 1194 and 1197;

8. Upon the Sixth Cause of Action, for restitution of all funds unlawfully acquired by DEFENDANTS by means of any acts or practices declared by this Court to be in violations of Business and Professions Code §17200 et seq.;

9. Upon the Seventh Cause of Action for all civil penalties and damages pursuant to statute as set forth in the PAGA, and for costs and attorneys' fees;

10. On all causes of action for attorneys' fees and costs as provided by California Labor Code §§ 218.5, 1194, 226, 2699, 2802 and Code of Civil Procedure § 1021.5; and

For such other and further relief that the Court may deem just and proper.

DATED: July 28, 2021

*Respectfully submitted,*

*/s/ Edward W. Choi*
EDWARD W. CHOI (CA SBN 211334)
*(Pro Hac Vice)*
edward.choi@choiandassociates.com
LAW OFFICES OF CHOI & ASSOCIATES
A Professional Corporation
515 S. Figueroa Street, Suite 1250
Los Angeles, CA 90071
Telephone: (213) 381-1515
Facsimile: (213) 465-4885

16.

LARRY W. LEE (CA SBN 228175)
DIVERSITY LAW GROUP, P.C.
515 S. Figueroa St., Suite 1250
Los Angeles, CA 90071
Telephone: (213) 488-6555
Facsimile: (213) 488-6554
Email: lwlee@diversitylaw.com

DAVID LEE (CA SBN 296294)
DAVID LEE LAW
515 S. Flower Street, Suite 3600
Los Angeles, CA 90071
Telephone: (213)236-3536
Facsimile: (866) 658-4722
Email: David@DavidJLeeLaw.com

Joshua R. Ward (TN Bar No. 031329)
Massey & Associates, PC
6400 Lee Highway, Suite. 101
Chattanooga, TN 37421
Telephone: 423-697-4529
Facsimile: 423-634-8886
josh@masseyattorneys.com

Attorneys for Plaintiff RICHARD TABIZON,
as an individual and on behalf of all others
similarly situated

## CERTIFICATE OF SERVICE

    I hereby certify that on July 28, 2021, a copy of the foregoing First Amended Complaint, is filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

    By: */s/ Edward W. Choi*
          Edward W. Choi