UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| RICHARD TABIZON, individually and on behalf of all others similarly situated, | )<br>)<br>) |
| *Plaintiff*, | ) Case No. 1:19-cv-60<br>) |
| v. | )<br>) Judge Atchley |
| COVENANT TRANSPORT, INC. & JOHN DOES 1-50, | )<br>) Magistrate Judge Steger<br>) |
| *Defendants.* | ) |

## JUDGMENT ORDER

Having fully considered Plaintiff Richard Tabizon's ("Plaintiff") Motion for the Court's Final Approval of the Class Settlement ("Motion") [Doc. 93], due and adequate notice has been given to the Class Members as required by this Court's Order Granting Motion for Preliminary Approval of Class Action Settlement [Doc. 91] and the papers submitted in support of the Motion, the Joint Stipulation and Class and Representative Action Settlement Agreement and Release,[1] and having determined that the Settlement is fair, adequate, and reasonable, and otherwise being fully informed, the Court finds, concludes, and hereby orders and adjudges as follows:

### BACKGROUND OF THE LAWSUIT

1. This class action lawsuit alleges that Defendant Covenant Transport, Inc. ("Defendant") violated applicable provisions of California's Labor Code, the Business and Professions Code and the Industrial Welfare Commission's (the "IWC") Wage Orders with respect to mileage-paid employee drivers by doing all of the following: (1) failing to provide lawful rest breaks or compensation in lieu thereof; (2) failing to provide lawful meal periods or compensation in lieu thereof; (3) failing to provide proper itemized employee wage statements; (4) failing to

---

[1] This Order hereby incorporates by reference the definitions of the Joint Stipulation and Class and Representative Action Settlement Agreement and Release as though fully set forth herein, and all terms used herein shall have the same meaning as set forth in the Joint Stipulation and Class and Representative Action Settlement Agreement and Release.

reimburse business expenses and making unlawful deductions; (5) failing to pay lawful minimum, regular and overtime wages for all hours worked; and (6) failing to timely pay wages due during employment and at termination. The lawsuit further sought penalties and claims against Defendant for: (7) waiting time penalties; (8) unfair competition; and (9) violations of California's Private Attorneys General Act of 2004 ("PAGA").

2. After the initial Complaint was filed, Defendant and Plaintiff ("the Parties") participated in extensive settlement negotiations including, without limitation, two mediations. One mediation took place before Mediator Michael L. Russell and the other took place before T. Warren Jackson. Those negotiations and mediations led to an agreement to settle the case and execution of a Memorandum of Understanding. The negotiations were conducted after the Parties engaged in extensive and contested litigation, including discovery and informal exchanges of hundreds of pages of documents and payroll records for Class Members over the Settlement Class Period, reviewed and analyzed timekeeper data for Class Members over the entire Class Period and engaged in extensive motion practice before the Court.

3. Following execution of the Memorandum of Understanding, the Parties negotiated and executed a Joint Stipulation and Class and Representative Action Settlement Agreement and Release (the "Settlement Agreement"), filed with the Court on July 29, 2021. A true and correct copy of the fully-executed Settlement Agreement is attached as Exhibit 1 to the Declaration of Larry W. Lee ("Lee Declaration".) [Doc. 89-2]. The Settlement Agreement provides for the full settlement and release of all PAGA, class and representative claims encompassed by the Complaint, the First-Amended Complaint, and Plaintiff's September 11, 2018, October 15, 2018 and July 8, 2021 notices to the California's Labor Workforce and Development Agency ("LWDA") and otherwise sets forth the terms of the proposed Settlement which is before the Court for final approval. Defendant continues to deny all allegations of wrongdoing, and does not admit or concede that it has, in any manner, violated the California Labor Code, the California Unfair Competition Law, any California Industrial Welfare Commission Wage Orders or any other law. Defendant also denies that this case is appropriate for class action treatment other than for purposes

of settlement.

4. On December 20, 2021, the Court issued an Order Approving the PAGA Settlement, Conditionally Certifying the Class and Granting Preliminary Approving the Class Action Settlement. [Doc. 91].

**<u>FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT</u>**

5. The Court determines that this case meets the requirements for certification of a class under Rule 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure for purposes of settlement, and hereby orders that this case is certified as a class action, for purposes of settlement only, on behalf of the following class: "all persons who are or were: (1) employed as mileage-paid employee drivers by Covenant Transport, Inc. and (2) California residents at any time from December 21, 2016 through July 28, 2021."

6. Distribution of the Class Settlement Notice directed to the Class Members as set forth in the Settlement Agreement has been completed in conformity with the Preliminary Approval Order, including individual notice to all Class Members who could be identified through reasonable effort, and the best notice practicable under the circumstances. The Class Settlement Notice provided due and adequate notice of the proceedings and of the matters set forth in the Preliminary Approval Order, including the proposed Settlement. The Class Settlement Notice provided adequate and appropriate notice to all persons entitled to such Class Settlement Notice and therefore fully satisfied due process requirements. All but one member of the Class are covered by and included within the Settlement and within this Final Approval Order and Final Judgment. Only one (1) class member has opted-out within the opt-out deadline.

7. The Court hereby finds that the Settlement was entered into in good faith and has been reached as a result of intensive, serious, and non-collusive arm's-length negotiations. The Court further finds that Plaintiff has satisfied the standards and applicable requirements for final approval of the Settlement under Rule 23 of the Federal Rules of Civil Procedure and California law.

8. Upon entry of this Final Approval Order and Final Judgment, Plaintiff and each

member of the Settlement Class shall be deemed to have fully, finally, and forever released the Releasees from all Released Claims during the Class Period. "Settlement Class" shall mean all Class Members who did not timely submit a signed valid Opt-Out Request that is received by the Settlement Administrator.

9. The Court hereby confirms as Class Counsel, Edward W. Choi of Law Offices of Choi & Associates, Larry W. Lee of Diversity Law Group, P.C., David Lee of David Lee Law, and Joshua Ward of Massey & Associates, PC as counsel for the Class ("Class Counsel").

10. The Court hereby approves payment of $200,000.00 in attorney's fees and $10,941.95 in costs to Class Counsel.

11. The Court confirms Phoenix Settlement Administrators as the Settlement Administrator and approves payment in the amount of $14,219.39.

12. The Court approve the payment of the Enhancement Award of $10,000 to the Class Representative contemplated by the Settlement is proper, fair, and reasonable in consideration of the facts that the Class Representative spent significant amounts of time assisting Class Counsel in investigating and preparing the Class's Claims, searching for and producing documents, and that the Class Representative provided an extensive individual release to Defendant, in addition to the releases provided by all Settlement Class Members.

13. The Court hereby orders payment of the PAGA Settlement, including the settlement and release of the PAGA Claims, as defined in the Settlement Agreement, and the payment of Thirty Thousand Dollars and Zero Cents ($30,000.00) from the Gross Settlement Amount to resolve the PAGA Claims ("PAGA Payment"). PAGA Employees will not have the opportunity to opt out of, or object to the PAGA Payment and settlement and release of the PAGA Claims, and shall be paid their portion of the PAGA Payment on a *pro rata*, based on the number of PAGA Pay Periods worked, as a fraction of the total PAGA Pay Periods worked by all PAGA Employees. The payment to each PAGA Employee shall be made consistent with the Settlement Agreement.

14. Any PAGA Payment Check that is not cashed within 90 days shall be paid to the Court-approved *cy pres* beneficiary of the Settlement.

15. Settlement Class Members and all persons purporting to act on their behalf or purporting to assert a claim under or through them, including, but not limited to, their dependents, heirs and assigns, beneficiaries, devisees, legatees, executors, administrators, trustees, conservators, guardians, personal representatives, and successors-in-interest hereby do and shall be deemed to have fully, finally, forever released, settled, compromised, relinquished, and discharged any and all of the Released Parties of and from all disputes, claims and/or causes of action pleaded or which could have been pleaded arising, in whole or in part, from the facts, claims and/or allegations contained in the Complaint, the First-Amended Complaint and/or the PAGA Notice during the Settlement Class Period, including the following:

  a. Any claims for unpaid wages (including minimum, regular and overtime wages), untimely or otherwise improper wage payments both during and at the end of employment, non-compliant meal and rest periods, a seventh day of rest claim under California Labor Code §§ 551-552, non-compliant wage statements, and reimbursement of business expenses as well as claims for interest, penalties (including but not limited to waiting time penalties), or premiums in connection therewith, which could have been alleged based, in whole or in part, on the facts, allegations, claims and/or causes of action contained in the Complaint and/or the First-Amended Complaint in the Action;
  b. Any claims for injunctive relief, declaratory relief, restitution, fraudulent business practices or punitive damages alleged or which could have been alleged based, in whole or in part, on the facts, allegations, claims and/or causes of action contained in the Complaint and/or the First-Amended Complaint in the Action; and
  c. Any and all other claims under California common law, the California Labor Code, including but not limited to the Private Attorneys General Act, California Industrial Welfare Commission Wage Orders and related California Code of Regulations, and the California Business and Professions Code, federal law or the law of other states or localities alleged or that could have been alleged based, in whole or in part, on the facts, allegations, claims and/or causes of action contained in the Complaint and/or the First-Amended Complaint in the Action. The cashing of the Individual Settlement Payment check by Class Members shall be deemed to be an opt-in for purposes of the federal claims referred in the Released Claims to the extent required by law.

The claims set forth in above shall be collectively referred to as the "Released Claims" or "Settled Claims." The Qualified Class Members are bound by the release of the Settled Claims in their entirety regardless of whether they cash their Individual Settlement Payment check, and the

Settlement Class Members are bound without receiving an Individual Settlement Payment.

This action is **DISMISSED WITH PREJUDICE.** The Clerk is directed to close the case.

**SO ORDERED.**

*/s/ Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY JR.**
**UNITED STATES DISTRICT JUDGE**

ENTERED AS A JUDGMENT:
*s/ LeAnna R. Wilson*
CLERK OF COURT